relative to the property, which they deemed material to be known, or whether it was based on the theory that the directors relied, not on the good faith of the vendors, but upon their own investigations in reference to the property, is not material. Upon either theory, there was sufficient evidence to authorize the verdict, and, upon either theory, the plaintiff's cause of action failed.

The motion for a new trial must be denied.

## Case No. 4,468.

The EMMA V.

[2 Hask. 374.] [1]

District Court, D. Maine. Dec. 1879.

James O'Donnell, for libellants.

Thomas H. Haskell and Nathan Webb, for claimants.

FOX, District Judge. I am satisfied from the evidence that the libellants made no contract to labor for Dimmock, and that they did not rely upon his credit, but looked to the vessel for their wages. The service was necessary to enable the vessel to take in cargo, and incident to a completion of the voyage. It bears the same relation to the vessel as outfits and supplies necessary for ship's use, and, like these, is secured by lien upon the vessel. Decree for libellants.

## Case No. 4,469.

EMMERSON v. BEALE.

[2 Cranch, C. C. 349.] [2]

Circuit Court, District of Columbia. Oct. Term, 1822.

THE COURT (nem. con.) said that the costs must share the fate of the principal debt; and ordered the ca. sa. to be quashed.

## Case No. 4,470.

EMMONS et al. v. SLADDIN et al.

[2 Ban. & A. 199; [1] 9 O. G. 352.]

Circuit Court, D. Massachusetts. Dec., 1875.

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]